UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **WILLIAM GANT** <br> **DALE AUTIN** | **CIVIL ACTION NO. 07-1696** |
| **VS.** | **JUDGE MELANÇON** |
| **POLICE DEPT. OF MORGAN CITY** <br> **CITY OF MORGAN CITY** <br> **DARLENE FRANCIS** <br>     Police Officer <br> **BILLY DRISKILL** <br>     Police Officer | **MAGISTRATE JUDGE METHVIN** |

## ORDER REQUIRING AMENDED COMPLAINT

Before the court is the complaint of William Gant and Dale Autin filed on October 12, 2007. Gant alleges as follows: he was arrested by Officer Billy Driskill; subsequently, Officer Darlene Francis told Officer Driskill that Gant had been HIV positive for several years; Officer Driskill filed felony charges of intentionally exposing an officer to AIDS; the local newspaper and radio station published the story that Gant had been charged with exposing an officer to AIDS; because he could not afford bail, he was forced to remain in prison for 92 days until the District Attorney received test results showing that he did not have HIV. Gant and his longtime partner seek damages for loss of standing in the community, embarrassment, and mental anguish.[1]

Rule 8(a) F.R.Civ.P. requires that a complaint contain a statement of the grounds for the court's jurisdiction. The complaint does not specifically set forth the basis for the court's jurisdiction, but it does state that plaintiffs' civil rights were violated. The civil cover sheet is not considered part of the complaint, but the court notes nonetheless that plaintiffs have listed the

---

[1] Rec. Doc. 1.

2

case as a tort action for libel, slander, and assault.[2]  Diversity jurisdiction does not appear applicable, however, since the action is between residents of Louisiana.  Due to the confusion concerning the basis for the court's jurisdiction, plaintiffs will be required to amend the complaint to provide a statement setting forth the grounds for the court's jurisdiction.

Moreover, if plaintiffs seek to state a civil rights claim under 42 U.S.C. §1983, the complaint must be amended to clarify whether the two defendant police officers are sued in their individual and/or official capacities.

When an officer or other official sued in his or her personal capacity asserts a qualified immunity defense in a civil rights action, the plaintiff must support his or her claim "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."  Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995).  In the case at bar, defendants have plead qualified immunity.  The complaint, however, does not state whether the defendants are being sued in their individual capacities.

Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982).  One of the purposes of the qualified immunity defense is "avoidance of disruptive discovery" unless and until the plaintiff puts forward "specific, nonconclusory factual allegations" which would overcome the defense.  Siegert v. Gilley, 500 U.S. 226, 236, 111 S.Ct. 1789, 1795 (1991) (Kennedy, J., concurring).

---

[2] Rec. Doc. 1.

3

In <u>Schultea</u>, the Fifth Circuit addressed the tension between a plaintiff's right to notice pleading under Rule 8(a) and a government official's right to invoke the protection of the qualified immunity defense against the burden and expense of discovery. The court held that a district court may require a civil rights plaintiff to reply to an assertion of qualified immunity pursuant to Rule 7(a).[3] <u>Schultea</u>, 47 F.3d at 1433-1434. District courts interpret this as more than a suggestion. "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." <u>Id</u>. at 1434. Discovery may be banned at this stage, or limited to the issue of qualified immunity. "The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." <u>Id.</u>

The <u>Schultea</u> rule "is an instantiation of the more general principle that 'heightened pleading' is needed in qualified immunity cases." <u>Reyes v. Sazan</u>, 168 F.3d 158, 161 (5th Cir.1999). "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injuries." <u>Reyes</u> 168 F.3d at 161, *citing* <u>Wicks v. Mississippi State Employment Services</u>, 41 F.3d 991, 995 (5 th Cir.1995).

Accordingly, when an officer or other official sued in his or her personal capacity asserts a qualified immunity defense in a civil rights action, the plaintiff must support his or her claim

---

[3] Rule 7(a) provides as follows:

**(a) Pleadings**. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

4

"with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Schultea v. Wood, supra.

Since the qualified immunity defense only applies to defendants named in their individual capacities, and the complaint does not set forth the capacities in which the defendants are sued, the court will require plaintiff to clarify whether the defendants are sued in their individual and/or official capacities. In the event that plaintiff elects to sue the defendants in their individual capacities, this court, as suggested in Schultea, will require plaintiff to file a reply to defendants' answer asserting qualified immunity pursuant to Rule 7(a) F.R.Civ.P.

**IT IS THEREFORE ORDERED** that within **twenty (20) days** of the date of this order, the plaintiffs shall file an amended complaint stating: 1) the basis for this court's jurisdiction; 2) if jurisdiction is based on civil rights violations, the amended complaint shall also state the capacities in which the defendants are sued.

**IT IS FURTHER ORDERED** that in the event that any defendant is sued in his or her individual capacity plaintiffs shall file within **twenty (20) days** of the date of this order, a reply to the qualified immunity defense pled by the defendants. The reply must allege with specificity the constitutional rights that were violated, the facts that support these allegations, the persons involved in these alleged violations, and the reasons that the asserted defense of qualified immunity is inapplicable.

**IT IS FURTHER ORDERED** that defendants shall not file any response to plaintiffs' reply; any response filed will be disregarded. The purpose of this order is to determine whether discovery should be banned or limited pending the filing by defendants of a motion to dismiss under Rule 12(b), or, alternatively, a motion for summary judgment. This process does not

5

absolve defendants from filing a timely motion to dismiss or motion for summary judgment on the qualified immunity issue.[4]

Signed at Lafayette, Louisiana, on February 11, 2008.

.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[4]The Fifth Circuit in Schultea stated:

> The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

Schultea, 47 F.3d at 1432-34.